**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**ALFREDO ELOY FERNANDEZ-MARTINEZ**,

   *Petitioner*,

   v.

   WARDEN, WEST TENNESSEE DETENTION
FACILITY; FIELD OFFICE DIRECTOR, ICE;
ACTING DIRECTOR, ICE; SECRETARY, DHS;
and ATTORNEY GENERAL OF THE UNITED
STATES,

   *Respondent.*

Case No. 2:26-cv-02862-BCL-cgc

---

**ORDER DISMISSING CASE**

---

Petitioner Alfredo Eloy Fernandez-Martinez has filed a Petition for Writ of Habeas Corpus in which he is challenging his immigration detention. Doc. 2 at 1. This Court ordered a response from Respondent, and further provided a window for Petitioner to file a reply to that response. Doc. 3. Respondent stated its position that Petitioner filed this motion in the wrong district and that the proper district was that in which he was detained at the time of his filing—i.e., the Western District of Louisiana. Doc. 9 at 3. Petitioner did not file a reply.

Respondent is correct, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443; *see also* 28 U.S.C. § 2241(a) (providing that writs of habeas corpus may be granted by district courts "within their respective jurisdictions"). Respondent has shown that Petitioner is no longer detained in this jurisdiction, and that he was already detained in the Western District of Louisiana (Doc. 9-3) by the time his petition was filed (Doc. 2). Jurisdiction appropriately lies there, and not in this District.

1

## CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED WITHOUT PREJUDICE** to refiling in the appropriate District.  The Clerk **SHALL** close this case.

**IT IS SO ORDERED**, this 29th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

2